Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MELISSA MEDERO MALDONADO<br><br>Querellante-Recurrida<br><br>v.<br><br>EXECUTIVE CONSULTING AND REAL ESTATE Y OTROS<br><br>Querellada-Recurrente | KLRA202400319 | REVISIÓN JUDICIAL procedente del Departamento de Asuntos del Consumidor, Regional San Juan<br><br>Caso núm.: SAN-2023-0014289 |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de julio de 2024.

Comparece ante este tribunal apelativo Home Mortgage Corp. (HMC o parte recurrente) mediante el recurso judicial de epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo o el recurrido) el 17 de abril de 2024, archivada en autos el mismo día. Mediante este dictamen, el DACo, en lo que nos concierne, ordenó a HMC a realizar en la residencia adquirida por la Sra. Melissa Medero Maldonado (señora Medero Maldonado) lo siguiente: completar la tarea de remover el comején en toda la propiedad mediante la contratación de un exterminador certificado; concluir la instalación de losas en el área de la cocina por un contratista certificado por el DACo, y terminar el trabajo de reparación en sellado de techo por un contratista también certificado por el DACo. Esto, dentro del término de treinta (30) días.

Por los fundamentos que expondremos a continuación, procede desestimar el recurso ante la falta de jurisdicción por su presentación prematura.

Número Identificador
SEN2024_____

**I.**

El 11 de mayo de 2023, la señora Medero Maldonado presentó de forma *on line* una querella en contra de Executive Consulting and Real Estate y Home Mortgage Corp. alegando la existencia de vicios ocultos en la residencia adquirida a esta última. Al respecto expresó que se le ocultó información sobre: comején vivo en los gabinetes de la cocina, puertas, *closets* y marquesina; filtración de techo; filtración de agua en el baño del segundo nivel al primer nivel; lavamanos sin tubería, y calentador de agua filtrando agua, entre otros. Además, alegó que del Corredor de Bienes Raíces haberle notificado todo lo escondido no hubiera realizado la compra al ser una inversión de gran magnitud. Arguyó que ello atentó en perjuicio de su salud, seguridad y la familia. Agregó que la referida omisión provocó *daños en reparaciones que fueron contra mi préstamo hipotecario (Préstamo 203K).* Por lo tanto, solicitó que las partes coquerelladas asuman el costo de todas las reparaciones que conllevó haber omitido la información y de la cantidad asignada en el préstamo hipotecario más daños emocionales.

Ese mismo día, el DACo envió a la parte recurrente; así como a Executive Consulting and Real Estate el documento intitulado ***NOTIFICACIÓN DE QUERELLA*** donde se incluyó como anejo la querella instada por la señora Medero Maldonado. **Asimismo, en este se advirtió que se contaba con el término de veinte (20) días para contestar la misma y de *no recibirse una contestación dentro de dicho término se le anotará la rebeldía*.**[1]

El 17 de enero de 2024, se celebró la vista administrativa de manera presencial según citada previamente. A la misma asistieron la señora Medero Maldonado (querellante), por derecho propio, su hermano Sr. Juan Medero Maldonado; y por la coquerellada

---

[1] Véase, Apéndice del Recurso, a la pág. 1.

Executive Consulting and Real Estate, la Sra. Lizmar Correa Correa, Corredora de Bienes Raíces. Se hizo constar en el dictamen objetado que por **la coquerellada [recurrente] Home Mortgage Corp. nadie compareció, ni justificó su incomparecencia** *por lo que la vista administrativa se celebró en su ausencia.*[2] No obstante, el 4 de abril de 2024, la parte recurrente presentó una *Moción Asumiendo Representación Legal* en la que informó que el Lcdo. Rafael E. Lugo Sotomayor asumiría su representación legal.

Aquilatada la prueba testifical y documental, el 17 de abril de 2024, notificada el mismo día, el foro recurrido emitió la *Resolución* impugnada. En esta, el Juez Administrativo consignó 29 determinaciones de hechos a base de los cuales determinó que la coquerellada Executive Consulting and Real Estate no debe responder a la señora Medero Maldonado por las obras sin realizarse.[3] A su vez, concluyó que la parte recurrente sí responde por los trabajos no llevados a cabo. En consecuencia, se desestimó la querella en contra de Executive Consulting and Real Estate y se declaró *Ha Lugar* a la reclamación en contra de HMC.

En lo aquí pertinente, destacamos que la antedicha *Resolución* **fue notificada a la parte recurrente por conducto (*P/C*) *del Lcdo. Rafael Lugo Sotomayor*** más no a la parte.[4]

Inconforme, el 7 de mayo de 2024, Home Mortgage Bankers presentó una *Moción de Reconsideración* la cual se entiende rechazada de plano al no haber sido considerada por el DACo.

Todavía en desacuerdo, la parte recurrente acude ante esta *Curia* imputándole al foro administrativo haber incurrido en los siguientes errores:

> ERRÓ EL DACO AL NO HACER DETERMINACIONES DE HECHOS QUE VINCULEN A HOME CON LA QUERELLANTE Y,

---

[2] *Íd.*, a la pág. 15.
[3] *Íd.*, a las págs. 15-18.
[4] *Íd.*, a la pág. 14.

COMO CUESTIÓN DE DERECHO, IMPONERLE LA OBLIGACIÓN Y REPONSABILIDAD DE REPARAR LOS VICIOS DE CONSTRUCCIÓN SEÑALADOS.

ERRÓ EL DACO AL IGNORAR EL RELEVO DE RESPONSABILIDAD OTORGADO POR LA QUERELLANTE, EL CUAL EXIME Y RELEVA A HOME DE LA RESPONSABILIDAD INCORRECTAMENTE IMPUTADA POR EL DACO.

ERRÓ EL DACO AL ORDENAR A HOME REALIZAR LAS REPARACIONES POR LOS VICIOS DE CONSTRUCCIÓN, DADO QUE, INCLUSO ACEPTANDO POR ARGUMENTOS QUE FUESE CORRECTO IMPUTARLE RESPONSABILIDAD A HOME, LA LEY SOLO PERMITE UN REMEDIO MONETARIO.

ERRÓ EL DACO AL ASUMIR JURISDICCIÓN PARA ENTENDER EN UNA MATERIA O ASUNTO Y ADJUDICAR RESPONSABILIDAD A HOME SIN FACULTAD EN LEY PARA ELLO.

El 18 de junio de 2024, emitimos una *Resolución* concediéndole a la parte recurrida el término de treinta (30) días para expresarse. Sin embargo, examinado el expediente a la luz del derecho vigente, determinamos dejar sin efecto la referida orden y prescindimos del escrito en oposición, conforme dispone la Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7.

**II.**

*Jurisdicción*

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe, et al.,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y; por consiguiente, desestimar el

recurso. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra, a la pág. 537. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Systems Analysis, Inc.* supra.

Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. 4 LPRA Ap. XXII-B, R. 83. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314, 326 (1997).

**III.**

La recurrente señaló, en esencia, que erró el DACo al emitir un dictamen imponiéndole la responsabilidad de culminar los trabajos de reparación de los vicios de construcción de la propiedad objeto de compraventa.

Examinados el trámite procesal y los documentos incluidos en el expediente apelativo, nos corresponde primariamente auscultar si tenemos jurisdicción debido a que, por ser materia privilegiada,

debemos atenderla con preferencia a cualquier otro asunto planteado. Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.,* supra, a la pág. 355.

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* Ley núm. 38-2017, 3 LPRA sec. 9601 *et. seq.* (LPAUG) provee para la anotación de rebeldía a cualquier parte del proceso administrativo en ciertas instancias. Al respecto, la Sección 3.10, 3 LPRA sec. 9650, dispone:

> Si una parte debidamente citada no comparece a la conferencia con antelación a la vista, o la vista o a cualquier otra etapa durante el procedimiento adjudicativo el funcionario que presida la misma podrá **declararle en rebeldía** y continuar el procedimiento sin su participación**, pero notificará por escrito a dicha parte de su determinación, los fundamentos para la misma y el recurso de revisión disponible**. (Énfasis nuestro)

La citada sección claramente dispone que el DACo venía obligado **a notificarle directamente a HMC, <u>como parte en rebeldía</u>, por escrito la determinación, los fundamentos y el recurso de revisión correspondiente**. *Íd.* Asimismo, preceptúa la Sección 3.14 de la LPAUG, 3 LPRA sec. 9654, que la agencia deberá notificar la resolución final, por correo ordinario o electrónico *a las partes y, a sus abogados, de tenerlos.* Sobre este particular, advertimos que la Regla 28.1, *Notificación de Escritos*, del Reglamento de Procedimientos Adjudicativos, Reglamento Núm. 8034, Departamento de Estado, 13 de junio de 2011, establece que: "El Departamento vendrá obligado a notificar toda orden, resolución u otra actuación oficial **a todas las partes que hayan comparecido en el procedimiento administrativo**." (Énfasis nuestro). Recordamos que en *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1072 (2019), citando a *Acosta v. ABC, Inc.,* 142 DPR 927, 932 (1997), el Tribunal Supremo reiteró que aun cuando a la parte

demandada se le anote la rebeldía, esta es "parte dentro del significado jurídico-procesal, aunque en rebeldía".

Por tanto, y a tenor con lo antedicho, resulta forzoso concluir que el DACo incumplió con su obligación de notificar a HMC de manera directa como lo exige la normativa regente previamente esbozada. Enfatizamos que la agencia notificó la *Resolución* impugnada a Home Mortgage Corp. por conducto (P/C) del Lcdo. Rafael Lugo Sotomayor. Es decir, se notificó a la parte recurrente por medio de su representante legal, y no como exige la LPAUG referente a una parte en rebeldía. Más aún, esta notificación incumplió con la Sección 3.14 de la ley, *supra*, que ordena a la agencia notificar la resolución final, **a las partes y a sus abogados, de tenerlos**. De igual manera dispone la Regla 28.1 del propio Reglamento Núm. 8034 promulgado por el DACo.

Por ende, no cabe duda de que estamos ante una notificación defectuosa e ineficaz, por lo que el término para recurrir ante este foro apelativo no ha comenzado a decursar. En este punto, precisa advertir que la Sección 3.14, *supra*, preceptúa que "[u]na parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma."

Como es sabido, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado antes de que el asunto esté listo para su adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego

reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Por último, es menester enfatizar que las agencias están obligadas a conducir los procedimientos de adjudicación de conformidad con las disposiciones de la LPUAG a menos que su ley habilitadora disponga otra cosa. *Perfect Cleaning v. Cardiovascular,* 162 DPR 745, 757 (2004).

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de epígrafe por falta de jurisdicción ante su presentación prematura.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Campos Pérez disiente del curso tomado con la siguiente expresión:

Este asunto fue resuelto por nuestro Tribunal Supremo en *PR Eco Park et al. v. Mun. De Yauco,* 202 DPR 525 (2019). En dicha ocasión, el Tribunal Supremo expresó que, aunque el foro apelativo intermedio carezca de jurisdicción por deficiencias en la notificación, no se debe penalizar una parte que acude oportunamente al foro correspondiente, por lo que este foro debería atender el asunto en sus méritos."

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones